**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SILCOTEK CORPORATION, | Civil Action No. 1:23-cv-00281-JPM |
| Plaintiff, | Judge Jon P. McCalla |
| v. | |
| WATERS CORPORATION, | |
| Defendant. | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF
ITS OPPOSED MOTION TO DISMISS CERTAIN CLAIMS
<u>UNDER RULE 41(a)(2) AND FOR ENTRY OF FINAL JUDGMENT</u>**

Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
**FAEGRE DRINKER BIDDLE & REATH LLP**
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*AND*

Cecilia R. Dickson
Kent E. Baldauf, Jr.
Barry J. Coyne
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
cdickson@webblaw.com
kbaldaufjr@webblaw.com
bcoyne@webblaw.com

*Attorneys for SilcoTek Corporation*

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

I.    NATURE AND STAGE OF THE PROCEEDINGS AND RELIEF REQUESTED .. 1

II.   SUMMARY OF ARGUMENT ............................................................................. 3

III.  CONCISE STATEMENT OF FACTS .................................................................. 5

IV.   ARGUMENT .......................................................................................................... 8

    A.   Rule 41(a)(2) Provides for Voluntary Dismissal of the '986 Patent Claims .... 8

    B.   Each Party Should Pay Its Own Fees and Costs for the Motion to Dismiss Without Prejudice as an Award of Fees Is Not Necessary to Protect Defendant in the Event of Future Litigation ...................................................... 12

    C.   Entry of Final Judgment Is Appropriate ............................................................ 13

    V.   CONCLUSION ..................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*Atlas IP, LLC v. Medtronic, Inc.*,
  809 F.3d 599 (Fed. Cir. 2015).....................................................................................5, 13

*Baldinger v. Cronin*,
  535 F. App'x 78 (3d Cir. 2013).......................................................................................3, 9

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*,
  532 U.S. 598 (2001)...........................................................................................................12

*DivX, LLC v. Realtek Semiconductor Corp.*,
  No. 20-1202-JLH, 2024 U.S. Dist. LEXIS 98872 (D. Del. Jun. 4, 2024) ...........................4, 9

*Doe v. United States*,
  513 F.3d 1348 (Fed. Cir. 2008)....................................................................................13, 15

*Ferguson v. Eakle*,
  492 F.2d 26 (3d Cir. 1974)...............................................................................................10

*GAF Corp. v. Transamerica Ins.*,
  665 F.2d 364 (D.C. Cir. 1981)..........................................................................................12

*Hardt v. Reliance Standard Life Ins. Co.*,
  560 U.S. 242 (2010)...........................................................................................................12

*Improved Search LLC v. Microsoft Corp.*,
  387 F. Supp. 3d 422 (D. Del. 2019)..................................................................................16

*Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC*,
  C.A. No. 19-2157-RGA, 2021 WL 1737139 (D. Del. May 3, 2021) .............................2, 4, 15

*Miller v. Trans World Airlines, Inc.*,
  103 F.R.D. 20 (E.D. Pa. 1984)............................................................................................9

*Nystrom v. TREX Co., Inc.*,
  339 F.3d 1347 (Fed. Cir. 2003)..........................................................................................13

*In re Paoli R.R. Yard PCB Litig.*,
  916 F.2d 829 (3d Cir. 1990)............................................................................................3, 9

*Princeton Dig. Image Corp. v. Office Depot Inc.*,
  913 F.3d 1342 (Fed. Cir. 2019)....................................................................................13, 14

*Reach & Assocs., P.C. v. Dencer*,
  No. 02-1355 JJF, 2004 U.S. Dist. LEXIS 1918 (D. Del. Feb. 9, 2004)........................9, 10, 11

*Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*,
    C.A. No. 07-753-LPS, 2011 U.S. Dist. LEXIS 158435 (D. Del. Mar. 3, 2011) ....................16

*Sanitec Indus. v. Sanitec Worldwide, Ltd.*,
    C.A. No. 04-1386-JJF, 2006 U.S. Dist. LEXIS 16438 (D. Del. Apr. 3, 2006) ........................8

*Young v. Johnson & Johnson Corp.*,
    No. 05-2393, 2005 U.S. Dist. LEXIS 26232 (E.D. Pa. Nov. 2, 2005) ........................8, 12, 13

**Statutes, Rules & Regulations**

Fed. R. Civ. P. 41(a)(2) ................................................................................................ *passim*

Fed. R. Civ. P. 54(a) ...............................................................................................................16

Fed. R. Civ. P. 54(d) ...............................................................................................................16

**Other Authorities**

*5 J. Moore, Moore's Federal Practice* ¶ 41.05[1] (1988) ...........................................................4, 9

## I.    NATURE AND STAGE OF THE PROCEEDINGS AND RELIEF REQUESTED

On March 16, 2023, Plaintiff SilcoTek Corporation ("Plaintiff") filed its Complaint against Defendant Waters Corporation ("Defendant") (D.I. 1) alleging infringement of certain claims of U.S. Patent No. 11,131,020 (the "'020 Patent"), and U.S. Patent No. 10,881,986 (the "'986 Patent") (collectively, the "Asserted Patents").  On June 21, 2023, Defendant filed an Answer and Affirmative Defenses to Complaint (D. I. 12) wherein, *inter alia*, Defendant denied infringement of the Asserted Patents and asserted affirmative defenses, including non-infringement and invalidity of the Asserted Patents.  On November 15, 2024, following briefing by the Parties and a hearing held on June 12, 2024 (*see* D.I. 89), the Court issued a Claim Construction Order providing constructions of disputed claim terms (D.I. 93).  The Court provided constructions for 10 terms of the Asserted Patents, including the construction of the claim term "carboxysilane" from the '020 Patent.  Plaintiff respectfully disagrees with the Court's construction of the claim term "carboxysilane" from the '020 Patent and intends to appeal this construction.

Subject to all of Plaintiff's rights to appeal, Plaintiff concedes that, although discovery in the case has not been completed, based on the representations and unverified discovery responses provided by Defendant to date, and Plaintiff's own investigation to date, under the Court's construction of the term "carboxysilane," none of Defendant's products accused of infringement satisfies the limitations of the claims of the '020 Patent that have been asserted against Defendant and include, or depend from an independent claim of the '020 Patent that includes, the term "carboxysilane."  Plaintiff and Defendant have thus agreed to a Joint Stipulation of Non-infringement of the asserted claims of the '020 Patent, which is being filed concurrently with this motion.  *See* D.I. 95.

Plaintiff also seeks to dismiss without prejudice its claims that Defendant infringes the claims of the '986 Patent pursuant to Fed. R. Civ. P., Rule 41(a)(2), with each party bearing its own attorneys' fees and costs. Plaintiff believes that the Court's Claim Construction Order (D.I. 93) still supports Plaintiff's allegations of infringement of the '986 Patent as presented in Plaintiff's Initial Infringement Contentions (*see* D.I. 24). Although Defendant has alleged through its attorneys and in unverified discovery responses provided to date that nobody practices the methods claimed in the '986 Patent, discovery has not yet been completed. In particular, no fact depositions have been taken yet by either party and Defendant has not yet completed production of its electronic discovery. In addition, Defendant has not filed any counterclaims in the case that would need to be resolved. Further, since this case was filed, Plaintiff has had other patents issue, some of which have claims similar to the '986 Patent, that Plaintiff intends to assert against Defendant in a new lawsuit. Plaintiff thus seeks to dismiss its claims that Defendant infringes certain claims of the '986 Patent without prejudice from the present case to allow for the parties to more efficiently litigate the claims of the '986 Patent, if it even chooses to continue do so, in conjunction with similar newly issued patents in a new lawsuit in order to efficiently resolve Plaintiff's claims.

Given such a dismissal without prejudice of the '986 Patent and the Joint Stipulation of Non-Infringement regarding the '020 Patent, there no longer would be any affirmative claims in the case that need to be resolved. Accordingly, Plaintiff thus further seeks entry of final judgment of non-infringement of the '020 Patent. Entry of such a final judgment would allow for the appeal of the Court's construction of the claim term "carboxysilane."

Defendant has objected to the proposed dismissal without prejudice of the Plaintiff's claims of infringement of the '986 Patent, and entry of a final judgment in this case, based on *Malvern*

*Panalytical, Inc. v. TA Instruments-Waters, LLC*, C.A. No. 19-2157-RGA, 2021 WL 1737139, at *1 (D. Del. May 3, 2021).  Plaintiff asserts however that *Malvern* is distinguishable from the current case, and Plaintiff's requested dismissal without prejudice of the '986 Patent and entry of final judgment of non-infringement of the '020 Patent is in accord with Third Circuit and Federal Circuit precedent.

Because the parties could not agree on a stipulated dismissal and final judgment, Plaintiff filed this motion for voluntary dismissal of the claims involving the '986 Patent under Fed. R. Civ. P. Rule 41(a)(2) and entry of final judgment as all affirmative claims in the case will have been resolved.

## II.    SUMMARY OF ARGUMENT

1.    Each case seeking voluntary dismissal should be reviewed on the unique set of circumstances present in the case, which includes reviewing the procedural posture of the case, the status of discovery, the efficient use of judicial resources, and the potential prejudice that such dismissal would pose.  Here, this Court should grant Plaintiff's request to voluntarily dismiss Plaintiff's claims of infringement of the '986 Patent, with each party bearing its own attorneys' fees and costs and given the Joint Stipulation of Non-Infringement of the '020 Patent (D.I. 95), enter final judgment of non-infringement of the asserted claims of the '020 Patent since all of the affirmative claims in this case will thus have been resolved.

2.    In the Third Circuit, "the general rule is that such a motion [for voluntary dismissal under Fed. R. Civ. P., Rule 41(a)(2)] should be granted liberally."  *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013) (citing *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)).  In *In re Paoli*, the Third Circuit stated, "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'"  916 F.2d

at 863 (*quoting 5 J. Moore, Moore's Federal Practice* ¶ 41.05[1], at 41-62 (1988)).  Defendant here will not suffer any such legal prejudice because (1) there will not be any excessive and duplicative expense in Plaintiff's intended second litigation since Plaintiff is not appealing the Court's claim construction for the '986 Patent and the limited discovery taken to date in this case can be reused in Plaintiff's intended new lawsuit; (2) the Defendant has not had to endure any effort and expense in preparing for trial, given that discovery has not yet concluded and no dispositive motions have been filed; (3) the current litigation has not progressed beyond claim construction and initial discovery—no depositions beyond expert depositions limited to claim construction issues have taken place or have even been scheduled, no expert reports other than on claim construction terms have been prepared or served, and Defendant does not appear to have completed electronic discovery; indeed, no dispositive motions have been filed; and (4) Plaintiff has been diligent in moving to dismiss.  *See DivX, LLC v. Realtek Semiconductor Corp.*, No. 20-1202-JLH, 2024 U.S. Dist. LEXIS 98872, at *3-4 (D. Del. Jun. 4, 2024).

3.    Defendant's objection to the proposed dismissal without prejudice of Plaintiff's claims of infringement of the '986 Patent, and entry of a final judgment in this case, based on *Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC*, 2021 WL 1737139, at *1 (D. Del. May 3, 2021), is misplaced.  In correspondence with Plaintiff, Defendant asserted that in *Malvern*, the District of Delaware rejected a stipulation the parties entered that dismissed patent infringement counts involving one group of patents without prejudice to facilitate an appeal of an adverse claim construction directed to a different group of patents amounting to "what in substance is an interlocutory appeal." *Id*.  *Malvern* is distinguishable from the current case because discovery has not concluded in this case (far from it), and here Plaintiff has agreed not to pursue its claims of

4

infringement of the '986 Patent in the current case *if the Court's construction of the term "carboxysilane" is affirmed on appeal by the Federal Circuit*.

4.    With Plaintiff's requested dismissal without prejudice of the '986 Patent, and the Joint Stipulation of Non-Infringement of the '020 Patent (D.I. 95), entry of final judgment in this case would be in accord with Third Circuit and Federal Circuit precedent.  *See Atlas IP, LLC v. Medtronic, Inc.*, 809 F.3d 599, 604 (Fed. Cir. 2015).

## III.    CONCISE STATEMENT OF FACTS

On March 16, 2023, Plaintiff filed its Complaint against Defendant (D.I. 1) alleging infringement of the '020 Patent and the '986 Patent.  On June 21, 2023, Defendant filed an Answer and Affirmative Defenses to Complaint (D.I. 12) wherein, *inter alia*, Defendant denied infringement of the Asserted Patents and asserted affirmative defenses, including non-infringement and invalidity of the Asserted Patents.

On August 25, 2025, Plaintiff served Plaintiff's Initial Infringement Contentions (*see* D.I. 24) on Defendant alleging that Defendant infringes at least claims 1-5, 10, 11, and 19 (collectively, the "Asserted Claims") of the '020 Patent.  Plaintiff also alleged therein that Defendant's ACQUITY Premier System and Arc Premier System chromatography systems in combination with the lines of Premier columns incorporating MaxPeak HPS technology such as at least the "Atlantis Premier," "ACQUITY Premier," "XBridge Premier," "XSelect Premier," "CORTECS Premier," "MaxPeak Premier," and "MaxPeak Premier Protein SEC" columns, and the tubing incorporating MaxPeak HPS technology used in such chromatography systems (collectively, the "Accused Products"), directly infringe, either literally or under the doctrine of equivalents, at least the Asserted Claims of the '020 Patent.

On November 15, 2024, following briefing by the Parties and a hearing held on June 12, 2024 (*see* D.I. 89), the Court issued a Claim Construction Order providing constructions of disputed claim terms (D.I. 93).  The Court provided constructions for 10 terms of the Asserted Patents, including the construction of the claim term "carboxysilane" as follows:

a chemical with the following structure:

$$R - \underset{\underset{R}{|}}{\overset{\overset{R}{|}}{Si}} - \underset{}{\overset{\overset{O}{\|}}{C}} - OH$$

Each of the Asserted Claims of the '020 Patent includes, or ultimately depends from, an independent claim that includes the term "carboxysilane."

As set forth in the concurrently filed Stipulation, subject to all of Plaintiff's rights to appeal, Plaintiff has diligently reviewed its infringement position in light of and applying the Court's claim construction and after such study and review concedes that under the Court's construction of the term "carboxysilane," none of the Defendant's Accused Products likely satisfies the limitations of the Asserted Claims of the '020 Patent that include, or depend from, an independent claim of the '020 Patent that includes the term "carboxysilane."  Further, to preserve judicial and Party resources and to permit appellate review of the Court's construction of the "carboxysilane" claim term identified above, the Parties stipulated and agreed to the entry of a final, appealable judgment against Plaintiff and in favor of Defendant that the Accused Products have not infringed and currently do not infringe any of the Asserted Claims of the '020 Patent, because none of the Accused Products satisfies the limitations of the Asserted Claims of the '020 Patent that include,

or depend from, an independent claim that includes this "carboxysilane" term as construed by the Court. Notwithstanding the Stipulation, and for the avoidance of doubt, Plaintiff specifically states that it disagrees with and objects to the Court's construction of "carboxysilane."

Plaintiff intends to appeal the Court's Claim Construction Order related to the '020 Patent to the United States Court of Appeals for the Federal Circuit. The parties further stipulated to the dismissal without prejudice of Defendant's defenses to the claims of infringement of the '020 Patent, which may be re-raised by Defendant should the case later proceed after appeal. Upon entry of the dismissal, Plaintiff fully intends to appeal the claim construction order relating to the '020 Patent term "carboxysilane."

That leaves the question of what to do with the '986 Patent. The Stipulation does not address the '986 Patent or Plaintiff's claims of infringement of the '986 Patent. With regard to the claims of infringement of the '986 Patent, discovery in the case has not been completed to date. No depositions of experts, parties, or fact witnesses have taken place other than the depositions of the parties' respective claim construction experts. Defendant has not completed electronic discovery. No expert reports, other than on claim construction issues, have been filed.

On November 19, 2024, Defendant sent a letter to Plaintiff demanding that Plaintiff "immediately dismiss this lawsuit" under the Court's claim construction. *See* Exhibit 1[1] (11/19/24 letter). In response, Plaintiff attempted to get the Defendant to agree to have a conference with the Court. *See* Exhibit 2 (11/25/24 email from CRD). Defendant did not agree to the conference, and despite efforts by Plaintiff to discuss resolution of this lawsuit after the Court's claim construction, on December 12, 2024, Defendant filed a Notice of Intent Not to Engage in

---

[1] Exhibits 1 and 2 referenced herein are attached to the Declaration of Francis DiGiovanni, filed contemporaneously herewith.

Mediation (D.I. 94).  As part of Plaintiff's efforts to resolve this case after the Court's claim construction, Plaintiff asked Defendant if it would agree or stipulate to dismissal without prejudice of the claims related to the '986 Patent and entry of final judgment, thus allowing Plaintiff to appeal the Court's construction of the claim term "carboxysilane" in the '020 Patent.[2]  Plaintiff indicated that it was not seeking to appeal the claim constructions entered by the Court for the '986 Patent. Plaintiff further agreed that it would agree <u>not</u> to refile a suit based on the '986 Patent <u>alone</u>; rather, if the "carboxysilane" construction is affirmed as to the '020 Patent, a refiling of the '986 Patent infringement claims would only occur as part of a new suit with other newly issued patents involving the same general area of technology that issued to SilcoTek after the filing of the pending Complaint.  Defendant nonetheless indicated that it opposes Plaintiff's dismissal without prejudice of the claims related to the '986 Patent and entry of final judgment, thus necessitating this motion.

## IV.    ARGUMENT

### A.    Rule 41(a)(2) Provides for Voluntary Dismissal of the '986 Patent Claims

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).  "While the decision to dismiss an action pursuant to Rule 41(a)(2) falls within the discretionary power of the Court, motions filed under Rule 41(a)(2) should be allowed unless dismissal would cause substantial prejudice to the defendant."  *Young v. Johnson & Johnson Corp.*, No. 05-2393, 2005 U.S. Dist. LEXIS 26232, at *5 (E.D. Pa. Nov. 2, 2005) (internal citations omitted); *see also Sanitec Indus. v. Sanitec Worldwide, Ltd.*, C.A. No. 04-1386-JJF, 2006

---

[2] Correspondence between the parties on these proposals is not included as it was part of settlement communications subject to F.R.E 408.

U.S. Dist. LEXIS 16438, at *4 (D. Del. Apr. 3, 2006); *Miller v. Trans World Airlines, Inc.*, 103 F.R.D. 20, 21 (E.D. Pa. 1984).

In the Third Circuit, "the general rule is that such a motion should be granted liberally." *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013) (*citing In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)).  In *In re Paoli*, the Third Circuit stated, "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'"  916 F.2d at 863 (*quoting 5 J. Moore, Moore's Federal Practice* ¶ 41.05[1], at 41-62 (1988)); *see also Reach & Assocs., P.C. v. Dencer*, No. 02-1355 JJF, 2004 U.S. Dist. LEXIS 1918, *3 (D. Del. Feb. 9, 2004).

"In determining whether legal prejudice will result from dismissal of a claim without prejudice, courts in this circuit consider (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; and (4) the claimant's diligence in moving to dismiss." *DivX, LLC v. Realtek Semiconductor Corp.*, No. 20-1202-JLH, 2024 U.S. Dist. LEXIS 98872, at *4 (D. Del. June 4, 2024); *see also Reach*, 2004 U.S. Dist. LEXIS 1918, 2004 WL 253487, at *3-4.

In the present case, the Defendant will not suffer undue legal prejudice sufficient to justify the Court's departure from the Third Circuit's liberal practice of granting Rule 41(a)(2) dismissals. First, there will not be any excessive and duplicative expense of a second litigation, because Plaintiff is not appealing the construction of the terms at issue in the '986 Patent, so that claim construction will not need to be duplicated in the new lawsuit that Plaintiff is going to file, and that new lawsuit will involve similar patents and the same accused products as the current lawsuit,

so the limited discovery completed to date in the instant action can be reused in the new case.[3]
*See*, *e.g.*, *Reach*, 2004 U.S. Dist. LEXIS 1918, at *4 ("the discovery already conducted and
attorney work product generated in litigating the instant action will not be wasted when opposing
an 'identical case'").

Although some discovery has taken place and the Court has conducted a *Markman* hearing,
this case remains at an early stage.  There is currently no discovery deadline, and thus, no discovery
deadline has been exceeded, no depositions have been taken or even scheduled, Defendant has
apparently not completed electronic discovery, there is no dispositive motion deadline in place,
and thus no dispositive motions are pending, and no dispositive motion deadline has been
exceeded.  The current case is thus similar to *Reach* which stated:

> [A]lthough the instant action has been pending for over one year, the pretrial,
> discovery, and dispositive motion deadlines have not yet passed.  More importantly,
> the instant action is not on the eve of trial.  Therefore, the Court views the instant
> action as distinct from a case where a defendant would suffer undue prejudice after
> "having been ready for trial in [one] federal court and then [being] told that the
> proceedings would be started once again."  *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d
> Cir. 1974).  Instead, the prejudice Defendants face following dismissal of the instant
> action is the "prospect of another lawsuit," which does not amount to prejudice
> sufficient to preclude the Court from granting dismissal.  *See DuToit* [ *v. Strategic
> Minerals Corp*] 136 F.R.D. [82, 85 (D. Del. 1991)].

*Reach*, 2004 U.S. Dist. LEXIS 1918, at *4-5.  Likewise here, this case is far from the eve of trial,
and the effort and expense incurred by Defendant so far in preparing for trial and the extent to
which the pending litigation has progressed does not support that Defendant will suffer any legal
or undue prejudice by the dismissal without prejudice of the claims related to the '986 Patent at
this point in the case.

---

[3] That is of course if Plaintiff even decides to refile a claim of infringement of the '986 Patent in
the new case.

With respect to Plaintiff's diligence in moving to dismiss, since the Court entered its claim construction order, Plaintiff considered the impact of the claim construction, attempted to get Defendant to agree to have a conference with the Court and engage in the scheduled mediation, both of which attempts Defendant rejected. *See* Exhibit 2 hereto (11/25/24 email from CRD); D.I. 94. Plaintiff thus sought to enter a joint stipulation regarding non-infringement of the '020 Patent, which was successful, and have Defendant agree to voluntary dismissal of the '986 Patent claims and entry of final judgment, which Defendant rejected leading to this motion. Meanwhile, no discovery or other motion practice has taken place since the Court's claim construction order was entered. Plaintiff thus respectfully submits that it has been diligent in filing this motion within four months since the Court entered its claim construction. *See Reach*, 2004 U.S. Dist. LEXIS 1918, at *4-5 (Plaintiff did not "unduly delay" filing motion to dismiss on October 24, 2003 (D.I. 53), four months after the June 19, 2023, Court Order (D.I. 45) providing motivation for the motion). In any event, Defendant has not been legally prejudiced by the time that has passed since the Court's claim construction order. Thus, considering the relevant factors, Defendant will not suffer any legal or undue prejudice by the dismissal without prejudice of the claims related to the '986 Patent.

Such a dismissal will however allow the Court to enter final judgment in this case, allow Plaintiff to appeal the "carboxysilane" claim construction, and permit Plaintiff to bring claims under the '986 Patent in a new lawsuit with other similar, newly issued patents. This would avoid duplicative litigation and further delays in the ultimate resolution of this case. *Malvern* does not require otherwise given the entirely different procedural circumstances of the cases, as explained below.

**B.    Each Party Should Pay Its Own Fees and Costs for the Motion to Dismiss Without Prejudice as an Award of Fees Is Not Necessary to Protect Defendant in the Event of Future Litigation**

A voluntary dismissal without prejudice may include "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Plaintiff submits that—consistent with the "American Rule"—the dismissal order should state that fees and costs should be paid by the party who incurred them. A "bedrock principle known as the American Rule . . . [is that] [e]ach litigant pays [its] own attorneys' fees." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010). Before a court can shift a party's legal fees to another party, it must find a reason to depart from this bedrock rule. *Id.* (*citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001)).

There is no basis to fee shift here. Plaintiff prosecuted this case in good faith and with minimal expense on Defendant to date. Indeed, Plaintiff has not yet sought depositions in the case and has sought no further discovery or taken any other actions since the Court entered its claim construction order while the parties discussed the various options for how to proceed forward.

The purpose of the 'terms and conditions' clause [of Rule 41(a)(2)] is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal." *GAF Corp. v. Transamerica Ins.*, 665 F.2d 364, 367 (D.C. Cir. 1981). Here, there is no prejudice or inconvenience to Defendant. For example, Defendant has not "incurred the expense of trial preparation without the benefit of a final determination of the controversy" and "[D]efendant ha[s] known about the possibility of dismissal for nearly the entire time this case has been in this Court." *See Young*, 2005 U.S. Dist. LEXIS 26232, at *18-19. Indeed, Defendant has asked that Plaintiff dismiss the claims based on the '986 Patent since it answered the Complaint and certainly has explicitly asked Plaintiff to dismiss its claims immediately after the Court entered its order on claim construction. *See* Exhibit 1 hereto. In a case such as this one, which "has not progressed

12

very far [, t]rial preparation has not begun, no depositions have been taken, and little other discovery has occurred," fees and cost "reimbursement is not warranted." *Young,* 2005 U.S. Dist. LEXIS 26232, at *18-19. Plaintiff has submitted a proposed Order granting dismissal without prejudice including such terms.

### C.     Entry of Final Judgment Is Appropriate

Given the Joint Stipulation of Non-Infringement of the '020 Patent, and the requested dismissal without prejudice of the claims of infringement of the '986 Patent, all of the affirmative claims will have been adjudicated or dismissed as Defendant has not filed any counterclaims. Plaintiff thus also moves for entry of final judgment in this case, which would allow for Plaintiff to appeal the Court's construction of the claim term "carboxysilane" to the Federal Circuit.

With regard to the question of the finality of a judgment in a patent case allowing for an appeal to the Federal Circuit, Federal Circuit law governs. *See Atlas IP, LLC v. Medtronic, Inc.*, 809 F.3d 599, 604 (Fed. Cir. 2015). In *Atlas*, the "legal question [was] whether the district court's complete adjudication of some claims followed by a consented-to dismissal without prejudice of the remaining claims—what has been called 'manufactured finality'—produces a final decision under § 1295(a)(1)." *Id*. The Federal Circuit held that "the district court's order dismissing all pending counterclaims without prejudice, after fully adjudicating some of the claims, is final, and we have jurisdiction here under § 1295(a)(1)." *Id*. at 605. The Federal Circuit has likewise "held that 'a final judgment exists when a district court fully adjudicates some claims and by consent dismisses' all remaining unadjudicated claims, including counterclaims." *Princeton Dig. Image Corp. v. Office Depot Inc.*, 913 F.3d 1342, 1349 n.3 (Fed. Cir. 2019) (*quoting Atlas*, 809 F.3d at 604); *see also Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003) ("the district court could have dismissed the counterclaim without prejudice"); *Doe v. United States*, 513 F.3d 1348,

13

1354 (Fed. Cir. 2008) (Federal Circuit had appellate jurisdiction when a joint stipulation was submitted that requested the trial court dismiss without prejudice any affirmative claims that the court had not previously ruled on). "That final judgment allows review of the adjudicated claims but not of the unadjudicated claims." *Princeton*, 913 F.3d at 1349 n.3.

There is no question that final judgment is warranted with respect to the '020 Patent given the Joint Stipulation of Non-Infringement in which Plaintiff conceded that Defendant's Accused Products did not infringe the '020 Patent given the Court's construction of the claim term "carboxysilane." As the Federal Circuit has stated:

> Under our precedent, to be appealable a claim construction order must preclude a finding of infringement—a required element of the plaintiff's cause of action. Such preclusion of infringement may be established by the patent owner's binding admission that the accused activities are not infringing under the adopted claim construction.

*Princeton*, 913 F.3d at 1348.

With respect to the '986 Patent, Plaintiff is not appealing the Court's claim constructions, but rather, is seeking dismissal without prejudice as outlined above. Further, Plaintiff agrees <u>not</u> to refile a suit based on the '986 Patent <u>alone</u>. Rather, Plaintiff agrees that if the "carboxysilane" construction is affirmed as to the '020 Patent, a refiling of the '986 Patent infringement complaint would only occur as part of a new suit with other newly issued patents. The present proposed dismissal without prejudice of the claims based on the '986 Patent under these terms is thus similar to the facts in *Doe* under which the Federal Circuit agreed that the judgment in question was final and it had jurisdiction over the appeal, reasoning as follows:

> The appellants have explained … in their reply brief in this court they expressed their intention to drop that claim in the event that the trial court's judgment on the other claims is affirmed. Thus, treating the trial court's judgment as an appealable final judgment would not be inconsistent with the federal policy against piecemeal litigation. Additionally, by allowing their claim as to scheduled overtime to be dismissed without prejudice, the appellants have run the risk that all or part of that

claim will be barred by the statute of limitations if they seek to assert it at a later date.

*Doe v. United States*, 513 F.3d 1348, 1354 (Fed. Cir. 2008).

Defendant's objection to the proposed dismissal without prejudice of the Plaintiff's claims of infringement of the '986 Patent, and entry of a final judgment in this case, based on *Malvern Panalytical, Inc. v. TA Instruments-Waters, LLC*, 2021 WL 1737139, at *1 (D. Del. May 3, 2021), is misplaced. Defendant asserted that in *Malvern* the District of Delaware rejected a stipulation by the parties that dismissed patent infringement counts involving one group of patents without prejudice to facilitate an appeal of an adverse claim construction directed to a different group of patents because it amounted to "what in substance is an interlocutory appeal." *Id*.

*Malvern*, however, is distinguishable from the current case, and Plaintiff's requested dismissal without prejudice of the '986 Patent and entry of final judgment of non-infringement of the '020 Patent is in accord with Federal Circuit precedent as set out above. In *Malvern*, unlike here, fact discovery had concluded. Further, Plaintiff here agrees <u>not</u> to refile a suit based on the '986 Patent <u>alone</u>, but rather, if the "carboxysilane" construction is affirmed as to the '020 Patent, a refiling of the '986 Patent would only occur as part of a new suit with other newly issued patents. Plaintiff's agreement thus distinguishes this case from *Malvern*, in which Judge Andrews stated: "Defendant says it is confident that if the Court of Appeals affirms my claim construction, Plaintiff will not refile suit based on the Broga patents alone. Defendant may be right. Plaintiff, however, makes no such representation . . . ." 2021 WL 1737139, at *1. Here, Plaintiff *does* make such representations with regard to the '986 Patent. Further, unlike in *Malvern*, Plaintiff has already indicated to Defendant that it intends to file a new lawsuit with additional new patents in which it would reassert the '986 Patent, if it reasserts it all. Thus, the dismissal without prejudice of the '986 Patent does not amount to an "interlocutory appeal" as was the case in *Malvern*.

With the '986 Patent dismissed without prejudice from the case as proposed by Plaintiff and the Stipulation of Non-Infringement regarding the '020 Patent, there will be no affirmative claims or counterclaims remaining in the case. Further, given that Defendant has not filed any counterclaims, all of Defendant's unadjudicated defenses with respect to the '986 and '020 Patents are moot and can be dismissed without prejudice, subject to Defendant's right to reassert such defenses in the future, including in the event of a reversal of this judgment and remand to this Court for further proceedings following the expected appeal of the Court's Claim Construction Order (D.I. 93). *See Improved Search LLC v. Microsoft Corp.*, 387 F. Supp. 3d 422, 428 (D. Del. 2019) ("affirmative defenses are moot by reason of [plaintiff's] concession that [defendant's] systems and methods do not infringe its patents under this Court's claim construction" and "[b]ecause [defendant] does not assert a declaratory judgment counterclaim as to invalidity, there is no remaining claim pending and no longer an actual controversy between the parties with regard to the asserted patent"). Thus, entry of final judgment in accord with Fed. R. Civ. P. 54(a) is appropriate. Indeed, what Plaintiff proposes is explicitly designed to avoid piecemeal litigation and duplicative discovery across multiple cases, and to instead consolidate matters given the procedural posture of the various claims that Plaintiff raised and intends to raise against Defendant.

Given that Plaintiff intends to appeal the Court's Construction of the term "carboxysilane" to the Federal Circuit, Plaintiff respectfully moves that the Court should, in its discretion, require Defendant to defer any request for assessment of costs, including under Fed. R. Civ. P. 54(d) and Local Rules 54.1, or a motion seeking attorneys' fees, including under Fed. R. Civ. P. 54(d) and Local Rule 54.3, related to this litigation until any appeal from this Final Judgment has been exhausted. *See*, *e,g*, *Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*, C.A. No. 07-753-LPS, 2011 U.S. Dist. LEXIS 158435, at *4 (D. Del. Mar. 3, 2011) (using Court's discretion

to grant plaintiffs' motion to defer ruling on defendant's motion for award of fees and expenses until resolution of the pending appeal). Plaintiff has submitted a proposed Order pursuant to Fed. R. Civ. P. 58 directing the Clerk of the Court to grant Final Judgment including such terms.

## V.    CONCLUSION

For all of the above reasons, Plaintiff requests that all claims related to the '986 Patent be dismissed without prejudice with each party bearing its attorneys' fees and costs, and given that SilcoTek stipulated to noninfringement of the '020 Patent based on the Court's construction of the claim term "carboxysilane," that the Court direct the Clerk of the Court to enter Final Judgment.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE &
  REATH LLP**

Dated: March 26, 2025

*/s/Francis DiGiovanni*
Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
302.467.4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*AND*

Cecilia R. Dickson
Kent E. Baldauf, Jr.
Barry J. Coyne
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
cdickson@webblaw.com
kbaldaufjr@webblaw.com
bcoyne@webblaw.com

*Attorneys for SilcoTek Corporation*

17