**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SILCOTEK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WATERS CORPORATION,<br><br>Defendant. | Civil Action No. 23-281-MN |

**JOINT STIPULATION AND ORDER REGARDING
NONINFRINGEMENT OF AND FINAL JUDGMENT AS TO THE '020 PATENT, AND
FOR DISMISSAL WITHOUT PREJUDICE OF DEFENSES TO THE '020 PATENT**

1. In light of the Court's Claim Construction Order entered on November 15, 2024 (D.I. 93) construing certain claims of U.S. Patent No. 11,131,020 (the "'020 Patent"), and U.S. Patent No. 10,881,986 (the "'986 Patent") (collectively, the "Asserted Patents"), Plaintiff SilcoTek Corporation ("Plaintiff") and Defendant Waters Corporation ("Defendant") hereby stipulate and agree as follows:

2. On March 16, 2023, Plaintiff filed its Complaint against Defendant (D.I. 1) alleging infringement of the '020 Patent and the '986 Patent.

3. On June 21, 2023, Defendant filed an Answer and Affirmative Defenses to Complaint (D. I. 12) wherein, inter alia, Defendant denied infringement of the Asserted Patents and asserted affirmative defenses, including non-infringement and invalidity of the Asserted Patents.

4. On August 25, 2025, Plaintiff served Plaintiff's Initial Infringement Contentions (*see* D.I. 24) on Defendant alleging that Defendant infringes at least claims 1-5, 10, 11, and 19 (collectively, the "Asserted Claims") of the '020 Patent.  Plaintiff also alleged therein that that

Defendant's ACQUITY Premier System and Arc Premier System chromatography systems in combination with the lines of Premier columns incorporating MaxPeak HPS technology such as at least the "Atlantis Premier," "ACQUITY Premier," "XBridge Premier," "XSelect Premier," "CORTECS Premier," "MaxPeak Premier," and "MaxPeak Premier Protein SEC" columns, and the tubing incorporating MaxPeak HPS technology used in such chromatography systems (collectively, the "Accused Products"), directly infringe, either literally or under the doctrine of equivalents, at least the Asserted Claims of the '020 Patent.

5. On November 15, 2024, following briefing by the Parties and a hearing held on June 12, 2024 (*see* D.I. 89), the Court issued a Claim Construction Order providing constructions of disputed claim terms (D.I. 93). The Court provided constructions for 10 terms of the Asserted Patents, including the construction of the claim term "carboxysilane" as follows:

a chemical with the following structure:

$$\begin{array}{c} R \quad\quad O \\ | \quad\quad || \\ R - Si - C - OH \\ | \\ R \end{array}$$

6. Each of the Asserted Claims of the '020 Patent includes, or ultimately depends from an independent claim that includes, the term "carboxysilane."

7. Subject to all of Plaintiff's rights to appeal, Plaintiff concedes that under the Court's construction of the term "carboxysilane," none of the Defendant's Accused Products satisfies the limitations of the Asserted Claims of the '020 Patent that include, or depend from an independent claim of the '020 Patent that includes, the term "carboxysilane."

8. To preserve judicial and Party resources and to permit appellate review of the Court's construction of the "carboxysilane" claim term identified above, the Parties stipulate and agree to the entry of a final, appealable judgment against Plaintiff and in favor of Defendant, that the Accused Products have not infringed and currently do not infringe any of the Asserted Claims of the '020 Patent, because none of the Accused Products satisfies the limitations of the Asserted Claims of the '020 Patent that include, or depend from an independent claim that includes, this "carboxysilane" term as construed by the Court. In Plaintiff's view, the Accused Products do not include a coating comprising the chemical structure of "carboxysilane" as construed by the Court.

9. Notwithstanding the foregoing, and for the avoidance of doubt, Plaintiff specifically states that it disagrees with and objects to the Court's construction of claim term "carboxysilane." Plaintiff expressly reserves its right to challenge this construction on appeal, and its right to appeal the Court's Claim Construction Order related to the '020 Patent to the United States Court of Appeals for the Federal Circuit.

10. The parties further stipulate to the dismissal without prejudice of Defendants' defenses to the claims of infringement of the '020 Patent, which may be re-raised by Defendants should the case later proceed after appeal.

11. This stipulation does not address the '986 Patent or Plaintiff's claims of infringement of the '986 Patent which remains pending in the case.

12. This stipulation may be made part of the appellate record by any Party.

Dated: March 26, 2025

| | |
|---|---|
| **FAEGRE DRINKER BIDDLE & REATH LLP** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |

<table>
<tr><td>

*s/Francis DiGiovanni*
Francis DiGiovanni (No. 3189)
Thatcher A. Rahmeier (No. 5222)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
302.467.4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*AND*

Cecilia R. Dickson (*admitted Pro Hac*)
Kent E. Baldauf, Jr. (*admitted Pro Hac*)
Barry J. Coyne (*admitted Pro Hac*)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
cdickson@webblaw.com
kbaldaufjr@webblaw.com
bcoyne@webblaw.com

*Attorneys for Plaintiff SilcoTek Corporation*

</td><td>

*s/Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
302.571.6600
pkraman@ycst.com
astombaugh@ycst.com
ckeith@ycst.com

*AND*

Matthew M. Wolf (*admitted Pro Hac*)
Thomas J. Carr (*admitted Pro Hac*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
202.942.5786
matthew.wolf@arnoldporter.com
thomas.carr@arnoldporter.com

*AND*

Jeffrey A. Miller (*admitted Pro Hac*)
Carson D. Anderson (*admitted Pro Hac*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
650.319.4538
jeffrey.miller@arnoldporter.com
carson.anderson@arnoldporter.com

*AND*

Mark E. Raftrey (*admitted Pro Hac*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
3 Embarcadero Ctr., Fl. 10

</td></tr>
</table>

        San Francisco, CA 94111
        (415) 471-3365
        mark.raftrey@arnoldporter.com

        *Attorneys for Waters Corporation*

**SO ORDERED** this 11th day of August 2025.

_____
The Honorable Maryellen Noreika
United States District Judge